■ ELEANOR MAHER, Respondent, v C & A AUTO PARTS, INC., et al., Appellants, et al., Defendant. [718 NYS2d 97] —In an action, *inter alia*, to recover damages for wrongful death, the defendants C & A Auto Parts, Inc., Robert Bergstrand, and Arthur Leuck appeal from an order of the Supreme Court, Queens County (Berke, J.), dated December 16, 1999, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

The plaintiff commenced this action, *inter alia*, sounding in strict liability in tort and common-law negligence to recover damages for the death of her husband caused by a bite he received from a dog which was allegedly owned and/or kept on premises controlled by the appellants. The bite resulted in only one or two small puncture wounds on the decedent's hand, but, tragically, he died several days later after developing an infection which, because his spleen had previously been removed, led to septic shock.

To recover in strict liability in tort for a dog bite, a plaintiff must prove that the dog has vicious propensities and that the owner or the person in control of the premises where the dog was kept knew or should have known of such propensities (*see, Saboe v Splish Splash at Adventure Land,* 272 AD2d 315; *Lugo v Angle of Green,* 268 AD2d 567).

In opposition to the appellants' motion in which they made a prima facie showing of their entitlement to summary judg-

ment, the plaintiff failed to come forward with proof in evidentiary form that the dog had vicious propensities (*see, Lugo v Angle of Green, supra*). The plaintiff also failed to raise any question of fact regarding the appellants' alleged negligence (*see, Luts v Weeks,* 268 AD2d 568). Consequently, the Supreme Court erred in denying the appellants' motion.

It is unnecessary to address the appellants' remaining contention. Bracken, Acting P. J., Santucci, Altman and Florio, JJ., concur.